UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT LEE BOLES, JR.,

                    Plaintiff,                          Case No. 1:22-cv-22

v.                                                      Honorable Sally J. Berens

UNKNOWN SIMS et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff

has paid the filing fee. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil

Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a

United States magistrate judge. (ECF No. 4.)

        This case is presently before the Court for preliminary review under the Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C.

§ 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to

the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134

(6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the

complaint on the named defendant(s) is of particular significance in defining a putative defendant's

relationship to the proceedings.

        "An individual or entity named as a defendant is not obliged to engage in litigation unless

notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Severn. The following claims remain in the case: Plaintiff's First Amendment retaliation, Fourteenth Amendment equal protection, and Eighth Amendment claims against Defendant Sims.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Quartermaster Workers Unknown Sims and Unknown Severn.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that on May 30, 2021, Plaintiff sent a request to the quartermaster department seeking a new pair of trousers, a shirt, two undershirts, a pair of gloves, and three pair of socks, all sized XL. Plaintiff explained on the form request that his state issued clothing no longer fit and was no longer usable due to normal wear and tear. Plaintiff states that his undershirt was full of holes and tears and that on June 3, 2021, a corrections officer told him not to come to chow again wearing the undershirt. Plaintiff explained that he had kited for replacement clothing, but that he had not received a response to his request. A few days later, Plaintiff told Captain Losinski that he had not received a response from the quartermaster and asked him to look into the issue. Captain Losinski asked to see Plaintiff's undershirts and then told Plaintiff that he would authorize an exchange for new shirts.

On June 22, 2021, Corrections Officer Belt told Plaintiff to come to the guard shack during noon yard time to get new undershirts per Captain Losinski. Plaintiff did as instructed and Officer Belt told him to go to the quartermaster to pick up his shirts. When Plaintiff arrived at the quartermaster building, Defendant Sims met him and asked what he wanted. Plaintiff explained that Captain Losinski had authorized new undershirts because his old ones were no longer usable and Defendant Sims stated that he had Plaintiff's form request and that Plaintiff would be placed on callout to pick up new items in the morning. Defendant Sims asked Plaintiff to wait until the next day, and he would get all his items at once. Plaintiff told Sims that Plaintiff needed the undershirts at that time. Sims instructed Plaintiff to go fetch his old undershirts. Plaintiff complied and gave two undershirts to Defendant Sims, who told inmate clerk Townsend to go get Officer Belt from the shack. Plaintiff asked Defendant Sims why he was making such a big deal out of it and stated that he should have received the items within five days of his request pursuant to MDOC policy. Plaintiff then threatened to write a grievance if he did not receive the new undershirts.

4

Defendant Sims told Plaintiff to file a grievance because he may not ever receive the undershirts. Officer Belt arrived and stated that Plaintiff needed replacement undershirts immediately according to Captain Losinski. Defendant Sims stated that the undershirts Plaintiff turned in were not the ones he had been given, so he was not going to issue new ones. Defendant Sims refused to return the undershirts to Plaintiff, stating that they were contraband and that they would see how things worked out with Plaintiff's grievance.

Plaintiff states that the entire exchange was witnessed by prisoners Larry Cooley and Dave Cook, who offered to give a statement in support of Plaintiff. In addition, prisoner Quenton DeBerry #252396 offered to give Plaintiff one of his new undershirts. Plaintiff accepted the offer and walked over to DeBerry's unit to get the shirt.

On June 22, 2021, Plaintiff filed a grievance against Defendant Sims for violation of policy and for retaliating against Plaintiff. Plaintiff was not called out to receive a quartermaster order on the promised date. On July 13, 2021, the step I grievance respondent stated that the shirts turned in by Plaintiff were not the same ones issued to him, and Plaintiff would be required to pay restitution. However, the respondent also stated that Plaintiff would be placed on callout to be issued new shirts. On July 19, 2021, Plaintiff filed a step II grievance noting that he had still not been placed on callout to receive replacement items. On July 28, 2021, the step II respondent upheld the step I response. Plaintiff's step III appeal was summarily denied on November 2, 2021.

On August 12, 2021, Plaintiff filed a second form request for state-issued clothing, explaining what had happened following his first request. Plaintiff was not called out, so he sent a third form request on September 13, 2021. Plaintiff also filed a grievance against quartermaster personnel. Plaintiff's grievance was rejected for containing extraneous information, and for being

duplicative and untimely. Plaintiff was warned that if he continued to file grievances on the same issue he could be placed on modified access.

On October 10, 2021, Plaintiff filed a step II appeal stating that his grievance was not duplicative because the issue had not been resolved, and the quartermaster was engaging in an ongoing violation of policy. Plaintiff's step II appeal was rejected as untimely. Plaintiff's step III appeal upheld the step II rejection. Plaintiff submitted a fourth request for new clothing items on October 10, 2021, stating that he was suffering from pain in his feet as a result of wearing socks that were no longer usable. Plaintiff submitted health care kites seeking treatment for pain in his toes on September 30, 2021, and October 24, 2021. On November 9, 2021, a health service provider informed Plaintiff that the condition of his socks was the reason for Plaintiff's medical problems with his feet. Plaintiff states that he was required to pay a co-pay in order to obtain treatment for his feet.

Plaintiff ordered socks from a private vendor and received them on November 23, 2021, and November 29, 2021. However, Plaintiff states that he does not have proper state blues or thermal tops and bottoms, which are required for winter weather in Michigan. Plaintiff states that numerous other prisoners who requested clothing were placed on callout and received their clothing from Defendant Sims, and also from Defendant Severn, while Plaintiff's requests continue to be ignored.

Plaintiff claims that Defendant Sims retaliated against him in violation of the First Amendment and that both Defendants Sims and Severn violated his Fourteenth Amendment right to equal protection and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983

is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Defendant Severn

As noted above, Plaintiff claims that Defendant Severn violated his rights under the Eighth and Fourteenth Amendments. However, Plaintiff fails to allege that he had any interactions with Defendant Severn whatsoever. The only allegations that Plaintiff makes with regard to Defendant Severn are that he issued clothing to other inmates upon their request. It appears that Plaintiff wishes the Court to infer that Defendant Severn deliberately ignored his requests for replacement clothing. Nothing in the complaint, however, allows the Court to infer that Defendant Severn received Plaintiff's requests and was actually aware of Plaintiff's need for new clothing.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement

8

against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to allege facts showing that Defendant Severn had any involvement with the denial of his requests for replacement clothing. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### B.    Defendant Sims

#### 1.    First Amendment Retaliation Claim

Plaintiff claims that Defendant Sims retaliated against him in violation of the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 299 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006)

("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken."); *see also Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (quoting *Pearson*, 471 F.3d at 741) (finding that a conversation constituted protected petitioning activity). Here, Plaintiff alleges that he told Defendant Sims he planned to file a grievance on him, and Defendant Sims responded by stating "we will see how things work out for you with your grievance." (ECF No. 1, PageID.11–12.) Plaintiff also identifies the grievance he filed against Defendant Sims. (*Id.*, PageID.13.) Plaintiff, therefore, has adequately alleged that he engaged in protected conduct.

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). Here, Plaintiff alleges that Defendant Sims refused to give him new clothing items for several months after Plaintiff filed a grievance on him. Plaintiff, therefore, has adequately alleged adverse action for purposes of his retaliation claims.

Finally, to sufficiently state a First Amendment retaliation claim, Plaintiff must allege facts that support an inference that the adverse action was motivated by the protected conduct. As noted above, Plaintiff alleges that the adverse action was linked to the protected conduct temporally and

that Defendant Sims implied to Plaintiff that he would be sorry for filing a grievance. The Court, therefore, concludes that Plaintiff has adequately alleged a First Amendment retaliation claim against Defendant Sims.

### 2. Eighth Amendment

Plaintiff asserts that Defendant Sims violated his Eighth Amendment rights by depriving him of usable clothing items from May 20, 2021, until the time he filed his complaint in January of 2022. Plaintiff states that this denial resulted in him suffering from medical problems with his toes and prevented him from having appropriate winter clothing.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

In this case, Plaintiff alleges that he was denied basic clothing items for an extended period. The Court, therefore, concludes that Plaintiff has adequately alleged an Eighth Amendment claim against Defendant Sims.

### 3.    Fourteenth Amendment Equal Protection

Plaintiff claims that Defendant Sims violated his Fourteenth Amendment right to equal protection when he refused to provide Plaintiff with needed clothing items. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons

similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "The states cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005) (citing *Vacco v. Quill*, 521 U.S. 793, 799 (1997); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Here, Plaintiff alleges that he is being treated differently than the other inmates who received replacement clothing because he exercised his First Amendment rights. In other words, Plaintiff alleges the state made a distinction to burden a fundamental right. Accordingly, he has sufficiently stated an equal protection claim under the Fourteenth Amendment.

## <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Severn will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation, Eighth Amendment, and Fourteenth Amendment equal protection claims against Defendant Sims remain in the case.

An order consistent with this opinion will be entered.


Dated: March 17, 2022                               /s/ Sally J. Berens
                                                   SALLY J. BERENS
                                                   U.S. Magistrate Judge